UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANKLYN JOHNSON, individually and on behalf of all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>ALASKA AIR GROUP CREDIT UNION,<br>Defendant. | CASE NO. 2:26-cv-01950-JNW<br><br>ORDER DENYING PLAINTIFFS' MOTION TO REMAND |

## 1. INTRODUCTION

This matter comes before the Court on Plaintiff Franklyn Johnson's motion to remand. Dkt. No. 13. Having considered the motion, Defendant Alaska Air Group Credit Union's response, Dkt. No. 15, the reply, Dkt. No. 16, and all other supporting documents, the Court DENIES the motion.

## 2. BACKGROUND

On April 27, 2026, Plaintiff Franklyn Johnson filed this putative class action, individually and on behalf of all others similarly situated, against Defendant Alaska Air Group Credit Union ("AAGCU") in King County Superior Court. Dkt. No. 1-1.

Johnson alleges that AAGCU failed to secure and safeguard its members' Personally Identifiable Information ("PII"), which was exposed in a data breach. *Id.* ¶ 1. He seeks monetary damages, attorneys' fees, pre- and post-judgment interest, and injunctive relief, including an order requiring AAGCU fund "lifetime credit monitoring and identity theft insurance" for every class member. *Id.* ¶ 169. The Complaint does not specify a total damages amount. *See id.*

On June 4, 2026, AAGCU timely removed this case to the U.S. District Court for the Western District of Washington. Dkt. No. 1 ¶ 7. Its primary basis for removal was diversity jurisdiction under 28 U.S.C. § 1332(a), on the theory that (1) the class members' damages could be aggregated to reach the $75,000 amount-in-controversy requirement, *id.* ¶¶ 10–11, and (2) the parties are completely diverse, as Johnson is a citizen of Alaska, *id.* ¶ 4, and AAGCU is a Washington entity, *id.* ¶ 5.

Alternatively, AAGCU relies on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *Id.* ¶¶ 14–18. AAGCU asserts that the amount in controversy is satisfied because Johnson "bring[s] multiple causes of action, allege eight damages theories, and seek multiple variations of equitable and monetary relief." *Id.* ¶ 17. AAGCU also claims that "the CAFA exceptions do not apply because, while data mining is still ongoing, based upon current information and belief, greater than one-third of the putative class members are non-Washington residents, and Johnson is a resident of Nevada [sic], not Washington." *Id.* ¶ 18.

Johnson now moves to remand, arguing that (1) AAGCU, as a forum defendant, cannot remove under 28 U.S.C. § 1332(a), and (2) AAGCU has not shown that the

case meets CAFA's amount-in-controversy requirement of more than $5,000,000. Dkt. No. 13. at 3–5.

In response, AAGCU does not defend its removal under Section 1332(a) (i.e., diversity); instead, it argues that this Court has jurisdiction under CAFA because "the amount in controversy is greatly above $5,000,000," Dkt. No. 15 at 5, and that the Court should retain the case to promote judicial efficiency, *id.* at 6. AAGCU calculates potential damages of $10,705,000 for "the cost of credit-monitoring services" for 10,705 putative class members. *Id.* at 5.

Plaintiff replies that remand is proper because AAGCU offers no evidentiary support for its amount-in-controversy calculation. Dkt. No. 16.

## 3. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). A defendant may remove a state-court action to federal court if the court has original jurisdiction over the action at the time of removal. 28 U.S.C.§ 1441(a); *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal courts have original jurisdiction over civil actions where (1) there is complete diversity among the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). An action otherwise removable solely on diversity grounds "may not be removed if any of the parties in interest properly joined and

served as defendants is a citizen of the [s]tate in which such action is brought." 28 U.S.C. § 1441(b)(2); *see Infuturia Global Ltd. v. Sequus Pharms., Inc.*, 631 F.3d 1133, 1137 (9th Cir. 2011) (referring to this rule as the "forum defendant rule").

Under CAFA, federal district courts have original jurisdiction over class actions that involve (1) at least 100 class members, (2) diversity of citizenship between at least one class member and any defendant, and (3) an amount in controversy that exceeds $5,000,000, exclusive of interest and costs. *Ibarra v. Manheim Invs.*, 775 F.3d 1193, 1195 (9th Cir. 2015); 28 U.S.C. §§ 1332(d)(2), (d)(5)(B). The first two requirements are undisputed and plainly met here: the putative class has 10,705 members, and Johnson, an Alaska citizen, is diverse from AAGCU, a Washington citizen. The only dispute is the amount in controversy.

As the removing party, AAGCU bears the burden of demonstrating by a preponderance of the evidence that the aggregate amount in controversy exceeds $5,000,000. *Ibarra*, 775 F.3d at 1197; *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682–686 (9th Cir. 2006). In making that determination, courts "first look to the complaint." *Ibarra*, 775 F.3d at 1197. The court may also consider "evidence outside the complaint, including affidavits or declarations, or other 'summary-judgement-type evidence[.]'" *Id.* (citation omitted). A defendant's assumptions "cannot be pulled from thin air," *id.* at 1199, but "[a]n assumption may be reasonable if it is founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019). Because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's

liability," AAGCU "need not present evidence of what its ultimate liability will be[.]" *Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025) (citation omitted).

## 4. DISCUSSION

### 4.1 Defendant's removal under 28 U.S.C. § 1332(a) was improper.

Johnson argues that the forum defendant rule bars removal under Section 1332(a). Dkt. No. 13 at 3–4. AAGCU concedes the point by not contesting it, *see* Dkt. No. 15, and for good reason: AAGCU is a Washington citizen sued in a Washington court, so it cannot remove on diversity grounds. 28 U.S.C. § 1441(b)(2). But the rule does not reach CAFA, which permits removal "without regard to whether any defendant is a citizen of the State in which the action is brought." 28 U.S.C. § 1453(b); *see Abrego*, 443 F.3d at 681–82. The question, then, is whether CAFA's requirements are met.

### 4.2 The record supports an amount in controversy that satisfies CAFA.

Johnson argues that Defendant's removal under CAFA fails because AAGCU has not established the amount in controversy. Dkt. Nos. 13, 16. Specifically, Johnson contends that AAGCU's damages calculation rests on a misreading of the Complaint's allegations about credit monitoring services. Dkt. No. 16 at 2–3.

AAGCU asserts that "Plaintiff alleges credit monitoring will cost $1,000 per person which, if initial data mining returns are confirmed, would yield alleged damages in excess of $10,000,000." Dkt. No. 15 at 1; *see also id.* at 5 (citing Dkt. No. 1-1 ¶ 84). Johnson is right that AAGCU misreads the complaint. Paragraph 84 alleges that "[a]ccording to Experian, a credit monitoring service, stolen PII alone can be

worth up to $1,000.00 depending on the type of information obtained." Dkt. No. 1-1 ¶ 84. That allegation says nothing about whether class members need credit monitoring or what it costs. It describes what stolen PII may be worth on the black market, a figure that depends on the information exposed. *See* Dkt. Nos. 13 at 2–3; 16 at 3. Nor does AAGCU's observation that Johnson pleads five causes of action and seven damages theories carry its burden. Dkt. No. 15 at 4–5. Counting claims says nothing about what they are worth, and a defendant "cannot establish removal jurisdiction by mere speculation and conjecture[.]" *Ibarra*, 775 F.3d at 1197.

But Defendant's misreading does not end the inquiry. The Court looks first to the complaint, *id.*, and when a defendant's assumption is flawed but a better one is available, "the district court should consider the claim under the better assumption—not just zero-out the claim," *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 996 (9th Cir. 2022). *Jauregui* distinguishes between "a court offering entirely new or different assumptions itself versus modifying one or more assumptions in the removing party's analysis." *Id.* This case falls on the modification side of that line. AAGCU's theory is that the cost of credit monitoring for 10,705 class members exceeds $5,000,000. Dkt. No. 15 at 5. The Court keeps that theory's claim, its class size, and its $1,000 per-member figure. It corrects only the source of that figure and the corrected source is Johnson's Complaint.

Here, the Complaint provides that "[t]he retail cost of credit monitoring and identity theft monitoring can cost around $200 a year per Class member." Dkt. No. 1-1 ¶ 119. Plaintiff further alleges that this is "a reasonable and necessary cost" and

"a future cost for a minimum of five years[.]" *Id.* And both sides' evidence place the putative class at 10,705 members.

Thus, the cost of credit monitoring for the five-year minimum Plaintiff pled for 10,705 putative class members is $10,705,000—$1,000 for each class member. Dkt. Nos. 1-1 ¶ 119; 15-2 ¶ 3. By Plaintiff's own math, each class member's damages must total at least $467.08 to reach $5,000,000, Dkt. No. 16 at 2, which at $200 a year, takes less than two and a half years of monitoring. And Plaintiff seeks not five years of monitoring, but a lifetime of it. So credit monitoring costs alone satisfies the CAFA jurisdictional threshold. *See, e.g.*, *Porras v. Sprouts Farmer Mkt., LLC*, No. C16-1005, 2016 WL 4051265, at *3 (C.D. Cal. July 25, 2016); *Morales v. Conifer Revenue Cycle Sols., LLC*, No. 2:23-cv-01987-AB-AGR, 2023 WL 5236729, at *3 (C.D. Cal. Aug. 15, 2023). Because this demand for credit monitoring services for five years exceeds $5,000,000, the Court concludes that CAFA's amount-in-controversy requirement is satisfied.

## 5. CONCLUSION

In sum, the Court finds that the forum defendant rule bars removal based on ordinary diversity jurisdiction, but CAFA independently supplies jurisdiction, as all of its requirements are met. Accordingly, the Court DENIES Plaintiffs' motion to remand. Dkt. No. 13.

Dated this 2nd day of November, 2026.



Jamal N. Whitehead
United States District Judge